1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9

MARK LUGO,

          Petitioner,

vs.

DEPUTY WARDEN FREELAND, ET AL.,

          Respondents.

No. CV 10-313-TUC-JMR (BPV)

**REPORT AND RECOMMENDATION**

10
11
12
13
14
15

16       Petitioner Mark Lugo, presently confined in the Arizona State Prison Complex-
17 Eyman, Cook Unit, in Florence, Arizona, has filed a *pro se* Petition Under 28 U.S.C. § 2254
18 for a Writ of Habeas Corpus ("Petition") with exhibits attached. (Docs. 1, 5.) Respondents
19 have filed an answer to the petition ("Answer") with exhibits A through J attached. (Doc.
20 10.) Petitioner filed a reply. (Doc. 13.)

21       Additionally, Respondents have filed a "Notice of Errata" addressing the date of
22 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Doc.
23 12), and a notice of a pending state petition for post-conviction relief filed in state court by
24 Petitioner (Doc. 14). Petitioner has filed an objection to the notice of errata (Doc. 15), and
25 a response to the notice of a pending state petition for post-conviction relief (Doc. 16).

26       Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate
27 Judge Bernardo P. Velasco for a Report and Recommendation.

28

1    For the reasons discussed below, the Magistrate Judge recommends that the District

2  Court enter an order DISMISSING the Petition in its entirety.

3  **I.    FACTUAL AND PROCEDURAL BACKGROUND**

4       A.    <u>Trial</u>

5    The Arizona Court of Appeals provided the following relevant summary of

6  Petitioner's proceedings in trial court:

7       In June, 1992, a jury found Lugo guilty of sexual conduct with a minor,
        attempted sexual conduct with a minor, sexual abuse, and child molestation.
8       The trial court sentenced him to presumptive, consecutive terms of
        imprisonment ranging from ten years to life without the possibility of release
9       for thirty-five years.

10  (Answer, Ex. C, p.2; *See also* Answer, Ex. E.)

11       B.    <u>Direct Appeal</u>

12    Petitioner filed a direct appeal, raising six grounds for relief.  (Answer, Ex. I.)  The

13  appellate court affirmed the convictions on appeal but remanded the case for resentencing

14  on two of the four counts.  (Answer, Ex. A.)  A petition for review was filed and denied by

15  order of the Arizona Supreme Court.  The mandate issued on November 9, 1994.  (Answer,

16  Ex. H.)

17       C.    <u>Resentencing</u>

18    On August 4, 1995, the trial court sentenced Petitioner to four consecutive sentences

19  totaling 57 years.  (Answer, Ex. B.)  No subsequent appeal was filed."[1]  (*See* Answer, Ex. C,

20  ¶ 2.)

21       D.    <u>First Petition for Post-Conviction Relief</u>

22    Petitioner filed his first notice of petition for post-conviction relief in the trial court

23  on March 29, 2007.  (Answer, Ex. D; Petition, p. 4, Ex. 1, p.1)  The trial court considered the

24  petition and request for counsel, and, noting the untimeliness of the petition, denied the

25  request for appointment of counsel but allowed Petitioner to demonstrate sufficient factual

26  support for an exception to the timeliness requirement found in Ariz.R.Crim.P. 32.4(a).

27  _____

28       [1]Petitioner does not agree with this assessment.

1   (Petition, Ex. 1, p.1-2.)  A motion for reconsideration was "similarly denied" by the trial

2   court for violating the time requirements of Rule 32.1(a).  (Petition, Ex. 2, p.1.)

3       The court of appeals, however, held that the time limits for filing a petition for post-

4   conviction relief did not apply to Petitioner's convictions for which he was sentenced before

5   September 30, 1992.  (Answer, Ex. C, ¶ 8.)  The court of appeals reinstated the notice with

6   regard to the two convictions that were not remanded for resentencing.  (*Id*.)

7       E.   Second Petition for Post-Conviction Relief

8       Petitioner filed his second petition for post-conviction relief, through counsel, in the

9   trial court on February 20, 2009.  (Answer, Ex. E.)  The trial court summarily dismissed the

10   petition. (Answer, Ex. F, ¶ 2; Ex. J, Attachment A.)  A petition for review was filed raising

11   two grounds for relief (Answer, Ex. J) and the court of appeals, granting review, adopted the

12   trial court's findings and conclusion, and denied relief (Answer, Ex. F., ¶ 3).  A petition for

13   review was filed and denied by order of the Arizona Supreme Court.  (Answer, Ex. G.)  The

14   mandate issued on May 13, 2010.  (*Id*.)

15       F.   Federal Habeas Petition

16       Petitioner raises four grounds for relief in a petition filed in the District Court on

17   May 24, 2010.  (Doc. 1.)  Petitioner alleges 1) a violation of his Fifth Amendment

18   Double Jeopardy rights; 2) a violation of his Sixth Amendment right; 3) a violation of his

19   Fourteenth Amendment right to due process; and 4) that his sentences violate the Eighth

20   Amendment as excessive.

21       Respondents have filed a notice alerting this court to a petition for post-conviction

22   relief filed by Petitioner in Pima County Superior Court on August 18, 2010, raising

23   claims of actual innocence and prosecutorial misconduct, and suggesting that this Court

24   may desire to stay or dismiss the petition.  (Doc. 14.)  Petitioner responded to the notice,

25   confirming that a petition is pending in state court, but that the issues raised in that

26   petition are different from the issues currently before this Court, and asserting that the

27   Court should allow his habeas petition to continue in this case because "there [are] no

28

1   reasons why the court should delay or dismiss his Habeas Corpus petition in this case."

2   (Doc. 16.)

3   **II.   DISCUSSION**

4       A.    <u>Notice of Pending State Court Proceeding</u>

5       Respondents have notified the Court that Petitioner filed a petition for post-

6   conviction relief in state court on August 18, 2010.  (Doc. 14.)  Petitioner responded to

7   the notice, requesting that this Court allow his federal habeas petition to proceed.  (Doc.

8   16.)

9       Because Petitioner does not request that he be allowed to stay this federal habeas

10  action while he exhausts a new claim in state court, but does request that his federal

11  habeas be allowed to proceed, and further because no purpose would be served by staying

12  or dismissing his habeas petition pending the outcome of the state proceedings, and

13  neither would Petitioner be prejudiced by proceeding with this habeas, especially in light

14  of the recommendation of the Magistrate Judge to dismiss this petition as untimely, the

15  Magistrate Judge recommends that the District Court not stay or dismiss this action based

16  on the collateral action pending in state court.

17      B.    <u>Standard of Review</u>

18      Respondents argue that Lugo's habeas petition is untimely under the limitations

19  period established by the AEDPA.

20      Petitioner responds, first, that Petitioner was sentenced before the enactment of

21  AEDPA, and, because his petition was pending at the time of enactment, the State of

22  Arizona was required to meet conditions requisite for applying the provisions of the

23  AEDPA.  Because the State has not met these provisions, Petitioner argues, AEDPA does

24  not apply to him.  (Reply, Doc. 13, p. 2-3).  Petitioner cites *Ainsworth v. Calderon*, 138

25  F.3d 787 (9th Cir. 1998), and *Lindh v. Murphy*, 521 U.S. 320 (1997) in support of his

26  argument.

27      The Magistrate Judge finds that AEDPA applies to Petitioner's federal habeas

28  petition.  Because review of this Court's docket makes evident that there was no federal

1   habeas petition pending on the date of AEDPA's enactment, April 24, 1996, Petitioner is

2   presumably referring to a *state* petition that was pending at the time of enactment.[2]

3   Petitioner's interpretation of *Lindh* to preclude application of AEDPA's time limitations

4   when a state petition was pending at the time of enactment is erroneous; AEDPA does not

5   apply to pending *federal* habeas petitions filed before the date that AEDPA took effect.

6   *See Woodford v. Garceau*, 538 U.S. 202, 207 (9th Cir. 2003)("If, on [the date AEDPA

7   became effective], the state prisoner had before a federal court an application for habeas

8   relief seeking an adjudication on the merits of the petitioenr's claims, then amended

9   2254(d) does not apply.")(citing *Lindh*, 521 U.S. 320.)  Second, both *Ainsworth* and

10  *Lindh* are distinguishable regarding the "conditions requisite" for application of the

11  AEDPA.  Both involved capital habeas petitioners; the so called "opt-in" provisions of

12  the AEDPA, requiring the State to meet certain conditions before application, are only

13  applicable to capital cases.  *See Lindh*, 521 U.S. at 327.

14          Because Petitioner filed his petition after April 24, 1996, this case is governed by

15  the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d).

16          C.      2244(d)(1)(A) - conclusion of direct review

17          Under the AEDPA, a state prisoner must generally file a petition for writ of habeas

18  corpus within one year from "the date on which the judgment became final by the

19  conclusion of direct review or the expiration of the time for seeking such review [.]"  28

20  U.S.C. § 2244(d)(1)(A).

21          Respondents assert that Petitioner's conviction and sentence became final no later

22  than August 24, 1995, 20 days after the trial court resentenced Petitioner and Petitioner

23

24  —————————————————

25      [2] Petitioner notes in his habeas petition that an appeal of his state conviction
        was pending in the court of appeals until September, 1996.  (Doc. 1, p. 3.)
26      As discussed below, this assertion is not supported by the record.  This
        determination is irrelevant to the Court's conclusion regarding the
27      applicability of the AEDPA, however, as the filing date of the federal
        habeas petition is dispositive.
28

1  failed to appeal from the resentencing.  Therefore, Petitioner's federal habeas petition,

2  filed on May 24 2010, exceeds the one year limitations period establish by the AEDPA.

3      Unable to ascertain the date the Arizona Supreme Court denied review of

4  Petitioner's direct appeal, Respondents have counted the 90 days allowed for filing a

5  petition to the United States Supreme Court from the date of issuance of the mandate on

6  November 9, 1994 (*see* Answer, Ex. H), and conclude that the time for filing a petition to

7  the Supreme Court expired on February 7, 1995, an error in favor of Petitioner.  The state

8  record[3], however, reflects that the Supreme Court denied the petition for review on

9  October 4, 1994.  (*See* state court's appellate docket at http://www.apltwo.ct.state.az.us)[4]

10  Thus, Petitioner's conviction became final on January 3, 1995, 90 days after his direct

11  appeal was denied by the Arizona Supreme Court on October 4, 1994, when the time for

12  filing a petition for a writ of certiorari from the United States Supreme Court expired.

13  *See* 28 U.S.C. § 2244(d)(1)(A);   *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.

14  2001).

15      Petitioner's claims that a petition in state court was still pending at the time the

16  AEDPA was enacted on April 24, 1996,  are without merit.  First, there is nothing in the

17  record to support Petitioner's contention that anything was pending in the state courts at

18  the time the AEDPA was enacted.  Petitioner states in his Petition that his petition for

19  review of his first direct appeal was pending until September 1996.  But both the record

20  provided by Respondents, demonstrating issuance of a mandate on November 9, 1994, or

21  a review of the appellate court docket, indicating that Petitioner's petition for review to

22  the Supreme Court was denied on October 4, 1994, contradict Petitioner's claim.

---

[3] The Court takes judicial notice of state court records pertinent to Petitioner's underlying criminal case obtained from the case information databases of the official government website of the Arizona Court of Appeals, Division Two.  *See* Fed.R.Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record).

[4] All state court docket entries cited herein can be located at this website.

1    Petitioner makes several additional claims regarding the finality of his conviction.

2    (Doc. 15.[5])  First, as noted above, Petitioner claims that a direct appeal following

3    resentencing was filed on August 10, 1995.  Petitioner asserts that the appellate court

4    denied relief on July 28, 1996, and petitioner filed a petition for review to the Arizona

5    Supreme Court on August 5, 1996.  Petitioner further asserts that the Supreme Court

6    denied review of Petitioners case on October 8, 1997.

7    Second, Petitioner asserts he filed a notice of post-conviction relief on November

8    5, 1997, in the trial court, and a petition for review was filed on January 10, 1998.

9    Petitioner states that the trial court dismissed the petition on December 10, 1998.

10   Petitioner states that he filed an appeal on December 28, 1998, and the court of appeals

11   granted review but denied relief on November 7, 1999.  He further claims that a petition

12   for review filed with the Arizona Supreme Court on November 30, 1999 was denied on

13   September 12, 2001.

14   Third, Petitioner asserts that a new petition for post-conviction relief, on the basis

15   of the discovery of new evidence, was filed on October 10, 2001.  The trial court

16   allegedly denied this petition on August 15, 2002, and Petitioner filed a petition for

17   review on August 30, 2002 in the court of appeals.  Petitioner claims the court of appeals

18   denied the petition in January, 2004, and a petition for review was filed on February 3,

19   2004.  Petitioner states that the supreme court vacated Petitioner's sentence in this case

20   and remanded back to the trial court for resentencing on March 9, 2005.

21   Finally, Petitioner alleges that he was resentenced on April 6, 2006, and again

22   appealed on May 5, 2006, with an appeal and subsequent petition for review being

23   conclusively denied on February 14, 2010.

24   The Magistrate Judge finds that there is no evidence in the record to support these

25   claims.  First, Petitioner avowed, in this federal habeas petition, that he was convicted on

26

27   [5] It is apparent in reviewing this document that the second page of the
     document was filed electronically as the fourth page.  This Court considers
28   the document in its intended order.

1    July 13, 1992 (Doc. 1, p.1), filed a direct appeal which resulted in a remand for
2    resentencing on January 31, 1994 (*id*, p.2.), and an appeal to the Supreme Court, which
3    was denied on September 1996 (*id*., p. 3.)  The form petition requested Petitioner notify
4    the Court of any other petitions, applications or motions that were filed in any state court,
5    and Petitioner stated that he filed a petition in March, 2007, and a second petition in
6    January, 2009.  (*Id*., pp. 3-4.)  Though the form had room to include additional petitions,
7    none were noted.  (*Id*., p. 5.)  Petitioner also noted in his notice of post-conviction relief
8    filed in the trial court in 2007 that he had taken no direct appeal, nor were there any
9    previous Rule 32 proceedings.  (Answer, Ex. D, p. 2.)

10       Second, the Petitioner has not supplied any documentation, nor have Respondents,
11    indicating that these three further appeals and petitions were ever filed.  Petitioner asserts
12    he has no computer access to bring up these dates.  This Court does, however, and a
13    review of the court of appeals docket indicates no such filings.

14       Finally, the court of appeals noted specifically, in a memorandum decision filed
15    April 30, 2008, that "Lugo was resentenced in August 1995, and no subsequent appeal
16    was filed.  In March 2007, Lugo filed his first and only notice of post-conviction relief."
17    (Answer, Ex. C, ¶¶ 2-3.)

18       The record in this case demonstrates Petitioner's conviction was final before the
19    AEDPA was enacted.  For petitioners whose convictions became final before passage of
20    the AEDPA, the one-year period began running on April 25, 1996, the day after the
21    statute's effective date, and expired on April 24, 1997, unless it was tolled.  *See Patterson*
22    *v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001).[6]

23       D.    2244(d)(2) - statutory tolling

24

25

26    [6] Though Respondents initially argued that limitations period began to run
      no later than February 7, 1995, and expired no later than February 7, 1996,
27    they conceded in the notice of errate that the limitations period did not
      begin to run until the day after the AEDPA was enacted on April 25, 1996.
28    (Doc. 12.)

1   "The time during which a properly filed application for State post-conviction or

2   other collateral review with respect to the pertinent judgment or claim is pending shall not

3   be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

4       There is no credible evidence of any state court proceedings that would have tolled

5   the limitation period.  As Respondents correctly note, the petitions for post-conviction

6   relief filed in 2007 and 2009 could not serve to reinitiate a limitations period that had

7   already lapsed.  See *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

8       E.   Equitable tolling

9       The AEDPA's limitations period is subject to equitable tolling in appropriate

10  cases.  *Holland v. Florida*, 130 S.Ct.2549, 2560 (2010).  A petitioner is entitled to

11  equitable tolling only upon a showing of (1) a diligent pursuit of petitioner's rights; and

12  (2) extraordinary circumstances that stood in petitioner's way, preventing timely filing.

13  *Id*. (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Tolling is appropriate when

14  "extraordinary circumstances beyond a prisoner's control make it impossible to file a

15  petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.

16  2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is

17  very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*,

18  345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of

19  diligence, account for the failure to file a timely claim, equitable tolling of the statute of

20  limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The

21  extraordinary circumstances requirement is a "high hurdle," *see Calderon v. United States*

22  *District Court (Beeler)*, 128 F.3d 1283, 1289 *(9th Cir. 1997), overruled on other grounds*,

23  163 F.3d 530 (9th Cir. 1998)(*en banc*).

24      The burden is on Petitioner to demonstrate that equitable tolling should apply in

25  his case.  *See Pace*, 544 U.S. at 418, Spitsyn, 345 F.3d at 799 (citing *Miranda*, 292 F.3d

26  at 1066).  Petitioner raises no grounds for equitable tolling in either his petition, his reply,

27  or his responses to Respondent's notices.  Petitioner has not met his burden of showing

28  that there are "extraordinary circumstances" that would have caused the untimely filing of

1   his Petition. "A pro se petitioner's lack of legal sophistication is not, by itself, an

2   extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d

3   1150, 1154 (9th Cir. 2006).  Accordingly, this Court finds no cause for equitably tolling

4   the limitations period in this case.

5          F.      Procedural Default/Merits

6          Because the Magistrate Judge recommends that the District Court dismiss this

7   petition as untimely, he does not reach the Petitioner's or Respondents' alternate

8   arguments on procedural default or on the merits of this case.

9   **III.   RECOMMENDATION**

10          This Court recommends that the District Court, after its independent review of the

11  record, DISMISS this action in its entirety as untimely.

12          Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

13  within fourteen days after being served with a copy of this Report and Recommendation.

14  If objections are filed the parties should use the following case number: **CV 10-313-**

15  **TUC-JMR**.

16          If objections are not timely filed, then the parties' right to *de novo* review by the

17  District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114,

18  1121 (9th Cir)(2003).

19          DATED this 29th day of September, 2010.

20

21  _____

22                    Bernardo P. Velasco
                      United States Magistrate Judge

23

24

25

26

27

28